```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

JOHN MARK COLLINS, II
Administrator of the Estate
of Mattie Collins McGuire,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:22-00139

THE MCDOWELL COUNTY COMMISSION,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion by James F. Humphreys to withdraw as counsel for plaintiff.  (ECF No. 23).  Mr. Humphreys does not offer a reason for seeking to withdraw but indicates that he has conferred with his client and counsel for defendants who do not object to his motion to withdraw.  In response to Mr. Humphreys' motion, defendants wrote that, while they do not object to Mr. Humphreys' withdrawal, plaintiff will be unable to represent himself under West Virginia law.  See ECF No. 26.  Mr. Humphreys did not respond to defendants' filing.

Local Rule of Civil Procedure 83.4(c) requires that an attorney who seeks to withdraw when said withdrawal would leave his client without an attorney "must show good cause[.]"  West Virginia Rule of Professional Conduct 1.16(b) provides in pertinent part that "a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material

adverse effect on the interests of the client[.]"  In this case, Mr. Humphreys has not shown good cause to allow him to withdraw as plaintiff's counsel.  In fact, as defendants pointed out, there is a good reason to deny his motion because plaintiff will be unable to represent the Estate of Mattie Collins McGuire.  <u>See</u> <u>Estate of Gomez v. Smith</u>, 845 S.E. 2d 266 (W. Va. 2020).  In that case the West Virginia Supreme Court of Appeals held that "[f]or a variety of reasons, a non-lawyer executor is not equipped, and therefore is not authorized, to represent the interests of the estate in court proceedings."  <u>Id.</u> at 277.  Of its reasons for so holding, the court stated:

> First, complex issues may arise in estate litigation that require the type of research and in-depth legal analysis that only an attorney can bring to the table; and conversely, a straightforward case brought on behalf of an estate may be unduly complicated by a non-attorney executor who is not versed in the rules of evidence, particularly those rules dealing with materiality and relevance.  Second, the decedent's estate, the decedent's heirs and beneficiaries, and the decedent's creditors who would be affected by the outcome of any proceedings, may have varying and possibly conflicting interests in the outcome of the case.  Thus, as a legal matter the executor can in no way be considered to be acting pro se, as the law is clear that he or she cannot represent the interests of another in court proceedings.  Third, allowing a non-attorney executor to represent the estate in court is antithetical to the public interest in the reliability and integrity of all judicial proceedings. Accordingly, we hold that a non-attorney executor or administrator of an estate who undertakes, with or without compensation and whether or not in connection with another activity, to prepare pleadings or legal instruments of any character on behalf of an estate for submission in judicial proceedings, or represents the interests of the estate before any judicial tribunal or

>office, is engaged in the unlawful practice of law.
>Any pleading or legal instrument by the non-attorney
>executor on behalf of the estate, including a
>complaint, answer, counterclaim, third-party complaint,
>or cross-claim, requires no response by any party other
>than a motion to strike, which shall be granted by the
>court.

<u>Id.</u> Based on the foregoing, allowing Mr. Humphreys to withdraw without substitution of counsel would have a material adverse effect on his client. The motion to withdraw is **DENIED**.

Plaintiff's motion to vacate the court order in which he asked to court to set aside its order directing plaintiff to file a memorandum in support of his motion to amend (ECF No. 24) is also **DENIED**. Plaintiff's motion to amend, ECF No. 19, is **DENIED** without prejudice for failure to comply with Local Rule of Civil Procedure 7.1(a)(2).

Defendants' motion to continue the dates in the current scheduling order (ECF No. 27) is **GRANTED**. Counsel are directed to confer and, within fourteen days of entry of this Order, file a proposed amended scheduling order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 28th day of March, 2023.

                                        ENTER:

                                        */s/ David A. Faber*

                                        David A. Faber
                                        Senior United States District Judge