```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

JOHN MARK COLLINS, II
Administrator of the Estate
of Mattie Collins McGuire,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:22-00139

THE MCDOWELL COUNTY COMMISSION,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss filed by defendants McDowell County Commission and Jennifer Wimmer. See ECF No. 12. For the reasons expressed below, that motion is **GRANTED** in part and **DENIED** in part.

### I. Background

According to the allegations of the Complaint, which are taken as true at this stage of the proceedings, Mattie Collins was arrested for drunk driving on November 2, 2019. See ECF No. 1 at ¶ 21. Collins was held at the McDowell County Holding Unit, located at 50 Court Street in Welch, West Virginia and processed by Officers Tina Blackburn, Barbara Coleman, and Marcus Wilkes. See id. at ¶¶ 22, 23. While in custody, Collins committed suicide. See id. at ¶¶ 37, 43-45.

On March 17, 2022, John Mark Collins, II, the Administrator of the Estate of Mattie Collins McGuire filed a complaint against

the McDowell County Commission, Blackburn, Coleman, Wilkes, and John Does I through III.  Also named as a defendant is Jennifer Wimmer, alleged to be the supervisor of Blackburn, Coleman and Wilkes.  See id. at ¶ 14.  In Count I of the Complaint, plaintiff asserts a claim against all defendants, pursuant to 42 U.S.C. § 1983, for violation of Mattie Collins's Eighth and Fourteenth Amendment rights.  See id. at ¶¶ 49-60.  Plaintiff also asserts a claim for wrongful death against all defendants (Count II).  See id. at ¶¶ 61-70.  Count III asserts claims for negligent hiring, retention, training, and supervision against the McDowell County Commission.  See id. at ¶¶ 71-75.

McDowell County Commission and Wimmer filed a motion to dismiss.  According to that motion:

- The McDowell County Commission is immune from plaintiff's negligent hiring, retention, training, and supervision claim because plaintiff's allegations are for deliberate indifference, not negligence.

- Plaintiff's Monell claim fails because plaintiff's complaint contains no factual assertions of an official act, final decision, act or omission, or practice which proximately caused plaintiff's alleged constitutional deprivation.

- Plaintiff's claims for negligent hiring, retention, training, and supervision fail because plaintiff's complaint does not allege sufficient factual information to support these claims.

- Plaintiff's wrongful death claim fails because Counts I and III fail.

- Punitive damages are unavailable against the McDowell County Commission.

II. Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)).  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997) (same).

In evaluating the sufficiency of a pleading, the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), provide guidance.  When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quoting Conley,

355 U.S. at 47; 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. As the Fourth Circuit has explained, "to withstand a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570).

According to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 129 S.Ct. at 1949. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1951-52.
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" Id. at 1952 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).

4

> Satisfying this "context-specific" test does not require "detailed factual allegations." Id. at 1949-50 (quotations omitted). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." Id. at 1950. Without such "heft," id. at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951.

Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); see also Midgal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) ("The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion.").

### III. Analysis

A. *Monell Claim*

The McDowell County Commission asserts that Count I should be dismissed as to it arguing that plaintiff fails to plausibly allege a claim under Monell v. Department of Social Services, 436 U.S. 658 (1978). "[U]nder Monell, a municipality is liable only for its own illegal acts." Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 402 (4th Cir. 2014) (citations omitted) (emphasis in original).

> Pursuant to this standard, a municipality is liable under § 1983 if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights. Monell, 436 U.S. at 694, 98 S. Ct. 2018. Only if a municipality subscribes to a custom, policy, or practice can it be said to have

5

> committed an independent act, the <u>sine qua non</u> of <u>Monell</u> liability.

<u>Id.</u> A municipal policy or custom may be established

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

<u>Lytle v. Doyle</u>, 326 F.3d 463, 471 (4th Cir. 1999) (internal citation and quotations omitted).

With respect to his <u>Monell</u> claim against the McDowell County Commission, plaintiff asserts that the "[d]efendant, McDowell County Commission, is responsible for the actions of its officers committed within the scope of their employment." ECF No. 1 at ¶ 58. However, "<u>Monell</u> liability cannot be predicated on a theory of respondeat superior." <u>Estate of Jones v. City of Martinsburg</u>, 961 F.3d 661, 672 (4th Cir. 2020). Nor does plaintiff allege any custom, policy, or practice of the McDowell County Commission. And plaintiff has failed to adequately plead a <u>Monell</u> claim based upon the McDowell County Commission's failure to train or supervise the employees at the Welch Correctional Center as there is no allegation that Wimmer or another supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional

injury.* For these reasons, the court finds that plaintiff has failed to state a claim against the McDowell County Commission under § 1983 and, therefore, dismissal of Count I is warranted.

B.   *Statutory Immunity under West Virginia Code § 29-12A-1, et seq.*

As for defendants' argument that the Commission is statutorily immune from plaintiff's negligent hiring, retention, training, and supervision claims, the court finds that argument fails at this juncture. The court cannot conclude that plaintiff has alleged only intentional conduct on the part of its employees. Rule 8(d)(3) of the Federal Rules of Civil Procedure provides that "a party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Furthermore, although the West Virginia Tort Claims Act

---

* The United States Court of Appeals for the Fourth Circuit has outlined the three elements for a § 1983 claim under a theory of failure to supervise or train:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;
>
> (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and
>
> (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014) (citing Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)).

confers immunity to political subdivisions from liability stemming from an employee's intentional acts, "political subdivisions are not immune from liability stemming from an employee-superior's negligent training, supervision, or retention of a subordinate." Fields v. King, 576 F. Supp.3d 392, 407 (S.D.W. Va. 2021) (Johnston, C.J.).

C.  *Sufficiency of Negligent Hiring, Retention, Supervision, and Training Claims*

Defendants also argue that plaintiff's claims for negligent hiring, retention, training, and supervision do not allege sufficient factual information to support such a claim against the Commission or Wimmer. The court agrees that the complaint fails to allege sufficient facts to support a claim for negligent hiring or retention. However, the court finds that plaintiff has sufficiently alleged claims for negligent training and supervision. "Under West Virginia law, negligent supervision claims must rest upon a showing that the employer failed to properly supervise its employees and, as a result, those employees proximately caused injury to another." Ferrell v. Santander Consumer USA, Inc., 859 F. Supp.2d 812, 818 (S.D.W. Va. 2012) (Copenhaver, J.) (citing Taylor v. Cabell Huntington Hosp., Inc., 538 S.E.2d 719, 725 (W. Va. 2000)). Allegations that support plaintiff's negligent supervision and training claims include:

>    32. Mattie Collins's shoestrings and belt were not removed before she was placed in a cell by herself.
>
>    33. Upon information and belief, the protocol at the holding unit is to remove belts and shoe strings from all arrestees who are being held, but it is especially important when detainees may be suicidal.
>
>    39. Mattie Collins was not placed in a cell that was appropriate for detainees at risk of suicide because there were fixtures (a conduit) from which a prisoner could hang herself.
>
>    40. Upon information and belief, Welch Correctional Center detainees at suicidal risk are supposed to be placed on a ten-minute constant watch. Instead, the facility personnel were performing twenty to thirty-minute checks on Mattie Collins.
>
>    41. Upon information and belief, Mattie Collins was not placed on suicide watch.
>
>    42. Alternatively, if Mattie Collins was placed on suicide watch, the necessary protocols were not followed for someone at risk of suicide.

ECF No. 1 at ¶¶ 32, 33, 39-42. Taking these allegations as true and drawing the reasonable inferences therefrom, these facts give rise to a claim for negligent training and/or supervision. These facts suggest that multiple policies were in place at the Welch Correctional Center that might have prevented the suicide of Mattie Collins. Plaintiff alleges that defendants did not follow the policies. It is reasonable to infer that the failure to do so could be tied to a lack of supervision and/or training. For these reasons, the motion to dismiss is **DENIED** with respect to plaintiff's negligent supervision and negligent training claims.

D.   *Punitive Damages*

As for the Commission's motion to dismiss the punitive damages claim as to it, that motion is **GRANTED**. Plaintiff confirmed that he was not seeking punitive damages against the Commission. See ECF No. 16 at 5.

IV. Conclusion

Defendants' motion to dismiss is **GRANTED** on Count I as to defendant McDowell County Commission, any claim for punitive damages against the Commission, and Count III's negligent hiring and retention claims against both defendants. The motion is **DENIED** in all other respects. In his opposition to the motion to dismiss, plaintiff requested leave to amend the complaint to cure any deficiencies. If plaintiff still wishes to amend, he should file a motion to amend with a proposed amended complaint.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 31st day of March, 2023.

ENTER:

David A. Faber
Senior United States District Judge