IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**JOHN MARK COLLINS, II**
**Administrator of the Estate**
**of Mattie Collins McGuire,**

    **Plaintiff,**

**v.**                                           **CIVIL ACTION NO. 1:22-00139**

**THE MCDOWELL COUNTY COMMISSION,**
**et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's petition to settle wrongful death claim and for approval of distribution of settlement proceeds. (ECF No. 81).[1] Because one of the potential beneficiaries is a minor, the court appointed Derrick W. Lefler as guardian ad litem for the minor E.M. In his recommendation to the court, the guardian ad litem stated that he "believes the settlement amount represents a reasonable resolution of the claims asserted, and recommends the court approve the settlement." ECF No. 91 at 2. As for the proposed distribution, Mr. Lefler objected and recommended that the court award a larger share of the total settlement, around 80 or 90 percent, to the minor beneficiary. See id. at 2

---

1 The motion to seal, ECF No. 83, is **GRANTED**.

On April 8, 2024, the court held a hearing on the petition. At that hearing, the court heard from counsel of record, the guardian ad litem, and the plaintiff. The court requested additional documentation from plaintiff's counsel concerning expenses and counsel supplemented the record. The court approved the costs and expenses claimed by the guardian ad litem and directed counsel for defendants to reimburse him.

The "purpose of the wrongful death act is to compensate the beneficiaries for the loss they have suffered as a result of the decedent's death." White v. Gosiene, 420 S.E.2d 567, 573 (W. Va. 1992). Pursuant to West Virginia Code ¶ 57-7-7:

> The personal representative of the deceased may compromise any claim to damages arising under section five of this article before or after action brought. What is received by the personal representative under the compromise shall be treated as if recovered by him in an action under the section last mentioned. . . . Upon approval of the compromise, the court shall apportion and distribute such damages, or the compromise agreed upon, after making provisions for those expenditures, if any, specified in subdivision (2), subsection (c), section six of this article in the same manner as in the cases tried without a jury.

Judicial approval is required for settlements under the Act even where the beneficiaries are adults. See Stone v. CSX Transp., Inc., 10 F. Supp.2d 602, 605 (S.D.W. Va. 1998) (Chambers, J.).

West Virginia Code 55-7-6(b) provides that:

2

> (b) In every such action for wrongful death, the
> jury, or in a case tried without a jury, the court, may
> award such damages as it may seem fair and just, and,
> may direct in what proportions the damages shall be
> distributed to the surviving spouse and children,
> including adopted children and stepchildren, brothers,
> sisters, parents and any persons who were financially
> dependent upon the decedent at the time of his or her
> death or would otherwise be equitably entitled to share
> in such distribution after making provision for those
> expenditures, if any specified in subdivision (2),
> subsection (c) of this section.  If there are no
> such survivors, then the damages shall be distributed
> in accordance with the decedent's will or, if there is
> no will, in accordance with the laws of descent and
> distribution as set forth in chapter forty-two of this
> code.  If the jury renders only a general verdict on
> damages and does not provide for the distribution
> thereof, the court shall distribute the damages in
> accordance with the provision of this subsection.

West Virginia's highest court has confirmed that a court has "wide discretion" in determining how settlement proceeds in a wrongful death action should be distributed. Graham v. Asbury, 765 S.E.2d 175, 181 n.10 (W. Va. 2014) ("While we find the circuit court did not abuse its discretion in awarding Mr. Asbury, as the administrator of the estate of Betty Asbury, an equal share in the present case, we emphasize that, in general, a circuit court is not required to award equal shares to all persons who are distributees under the wrongful death act. Instead, pursuant to W. Va. Code § 55-7-6(b), a circuit court or jury has wide discretion to award wrongful death damages in

3

proportions that may seem fair and just under the facts of a particular case.") (internal citations and quotations omitted).

Having considered the matters of record, the court hereby **GRANTS** plaintiff's petition as follows:

1) The court approves the settlement and authorizes the payment of attorneys' fees and expenses as set out in the petition.

2) As for the distribution, the court rejects the proposed distribution and directs that the settlement proceeds be distributed as follows:  a) 20 percent to plaintiff, John Mark Collins, II; and b) 80 percent to the minor beneficiary E.M.

Counsel for plaintiff should submit a proposed order to the court consistent with this opinion.

The Clerk is directed to send a copy of this Order to counsel of record and unrepresented parties.  Counsel for plaintiff should forward a copy of the court's order to potential beneficiaries.

It is **SO ORDERED** this 18th day of July, 2024.

ENTER:

David A. Faber
Senior United States District Judge

4